*7 btTÑION of the Court, by
Judge Log Air.
This ½ & suit in chancery, brought by Chambers, injoining certain judgments which Handley had recovered against him. Thfe bill charges, that Handley being indebted to the complainantiabout g 60 in account, and in the furt ijier sum of g 918 33 lr3. cents, to him and Yánbibberj upon two obligations, bearing date the 11th of August; 1793 ; making in all g97& 33 1-3 cents; did On the 25th of July» 1795, sell to the complainant certain tracts of land, one of 700 acres, lying in Hardin county, called the Fountain Blue Tract; and another of 2300 acres; in Henry county; both of which the defendant represented to him as of good quality, and the greater part thereof Safe, as ÍO title. ..... .
, That being unacquainted with the lands himself; hé Was induced from the represeiitaions of Handley, to make the purchase at the rate of 30Í. per 100 acres, making the sum of 640Í. and credited Handley with the amount.ofhjs debts aforesaid of g 978 33 1-3 cents ; passed his obligations to him for g255, payablethe 1st of January, .1796 ; for g 500 payable the 1st of January, 1797 j, and,for g 500 more payable thfe 1st of January 1798, amounting to g 1255.
That on the same day he took, from the defendant his bond for the conveyance of 500 acres of the Fountain Blue Tract, with a general warranty, and for a ’special warranty deed for the remaining 2Ó0 acres of said tract to he made on demand. But that by a note on said bond, it was provided that as ’200 acres of said tract were stated to be in dispute, the defendant was not to make a title thereto until the dispute was settled; and,if determined against him, then to refund the pur-thase money at 201. per 100 acres.
the vendor having pen-dlng the bill deedofconvey! ance according to contra», 'vendor ought not to be liable for cofta.
And on the same day the defendant conveyed to him by deed, with special warranty, the said 2500 acres, in consideration of g 1666 2-3, expressed in the deed,
That at that time the opinion prevailed that a special 'w’arra^y deed would in case of loss compel the grantor to refund the purchase money with interest,
And as the Fountain Blue Tract was considered the valuable, it was agreed that the purchase money should be settled and refunded upon the 2500 acres, at 101. per 100 acres with interest. And if the complainant should lose so much of said land, as that he should n°t consider what he would hold as adequate to the purchase money, he might return to the defendant his title, and the defendant should refund the purchase money with interest.
That the several debts exceeded the value of the land g loo ; for which sum the defendant gave to the complainant an order on one Barbee, which was protested, returned and credited with the interest thereon, on the obligations for the purchase money.
He further alleges that he advanced, in May, 1795, to the defendant g 145, as his proportion in the joint purchase of certain lots in the town of Vienna, and that the defendant lias refused to account for the same.
He claims, moreover, a credit for taxes, which had been due on the 2500 acres for the years 1792, S, 4 and 5, amounting to 87. 8s. 5 d. w hich he states to have paid.
That the defendant had done nothing towards settling the disputes on the 200 acres, part of the Fountain Blue Tract; hut refuses to convey any part of said tract to him. And had instituted suits on his obligations for the purchase money, and recovered judgments thereon.
That for the defendant’s breach of covenant in refusing to ccnvey the 500 acres on demand, he had commenced suit, and recovered judgment on his bond for 490Í. which the defendant injoined, alleging it was obtained by fraud, and that the purchase money was unpaid.
That the 2500 acres are covered by several other claims having elder patents; and that by a suit in chancery brought by him, and duly prosecuted for th® purpose of establishing said entry, the same was declared invalid ; and he prays, therefore, that the defendant may be compelled to receive a reconveyance of the said land, and give credit upon the judgments aforesaid against him; for the amount thereof with interest} *9 ‘together with the several other sums paid by him asa-éoresaid; and the defendant be perpetually injoinedfrom proceeding on said judgments.
The defendant denies that he was indebted to the complainant and Vanbibber, as alleged in the bill; but admits that be remained indebted to them on the 25th of July, 1795, in about the sum of g 45, which in their contract of that day was settled and credited; admits that the Fountain Blue Tract was at 20Z. per 100 acres ; but denies that the 2500 acres were at the same price per 100 acres ; but states that it was only 10Z. per 100 acres, making up the amount of 390Z,
He states that he holds the complainant’s bonds for the balance of the payments of 376Z. 10s. haring settled the § 45 in part of the purchase money for the lands, which being deducted from the 390Z. left the balance of 376Z; 10s. for which he took the complainant’s bonds. -
He admits that he had been indebted to the complain*-ánt and Vanbibher, as stated in the bill; but alleges that those debts were generally paid up before the contract was made in 1795, by payments which at this length of time he cannot particularly recollect: some of which, however, he recites, viz : furnishing two boats loaded with beef steers j a bond for g 150, which the complainant had for collection, received and applied to his own use ; a horse sold to George Wilson for 40Z. and an or-i der on Barbee for glOO, which having been protested, was returned, and the amount with interest credited on the bonds of the complainant for the purchase of the lands aforesaid. .
He admits the contract in relation to the lots in Vienna, and the receipt of g 145, as set forth in the bill; but States that it was applied to the partnership concern ; that the complainant sold some of said lots to William Worthington, and that in the purchase of said lots he applied the said money.
He admits that taxes were due on the 2500 acres of land, but states the complainant promised to pay the same ; and denies that under the contract he was bound for the taxes due thereon.
He admits also, that he never took any measure to settle the disputes on the 200 acres, part of the Fountain, Siltte Tract, because he held the said tract under the elder titles, and frequently requested the complainant to settle the same, while it remained unoccupied $ which b« *10 charges the complainant had promised to da at the tiAiS of the parchase;
He also admits that lie refused to convey the said 50(t .acres, because, as be alleges; the complainant refused to make payment for the same. And states that the judgi ment obtained against him for not conveying said land, was procured through fraud; &c. &c.
The court below, decreed that the complainant should by a given day rfe-convey by deed with special Warranty the 2500 acres to the defendant; and also deliver up to him the article between them in relation to the lots in the town of Vienna j and on complying therewith, the defendant should be■ perpetually injoined from proceeding on his judgments at law, and pay to the complainant the sum of g 80. From this decree Handley, the defendant, has brought the cause before this court.
Those points on which the parties seem mostly to differ, will be found not very important in the decision of the cause. As to the 2500 acres; whatever may have been the real sum stipulated to be given between the parties, whether loi. or 20Z. per X00 acres, is totally immaterial under the express covenant of the parties : for although the deed upon its face purports to be in consideration of about 3,01, per 100, yet the parties by their covenant, bearing date the same day, referring to said deed, have expressly stipulated that if the land should be lost; one third of adollar per acre with interest should be refunded.
Now as it appears that this tract of land was lost to' Chambers, lie was therefore clearly entitled to a credit on his bonds for the amount thereof.
W ith regal’d to the other tract, it seems that both seller and purchaser were refusing Jx> perform their contract — each resting his excuse upon the failure of the other. It not appearing that thei-e had been a demand of Handley to convey until after the purchase money became due, and the consideration being then withheld, he was not bound to convey until the purchaser was ready to pay; and the purchaser might in equity certainly delay payment, as the seller refused to convey : for neither appears to have manifested both a readiness and willingness to comply with his part of the contract.
Handley then having commenced suit on the bonds before be prepared and tendered a deed agreeably to his covenant, and after refusing to convey, was premature, *11 and Chambers had cause to prefer his bill with injunction. Jiut it appearing from record, that since the commencement of the suit in chancery, Handley has executed a deed of conveyance for the Fountain Blue Tract to Chambers, with covenants of warranty agreeably to his contract, he ought not to be made liable for costs after that period,, unless indeed, Chambers was not bound, under the circumstances of the case, to, accept a deed. And this will more properly farm a question of inquiry in the suit depending between them, in which Handley injoins Chambers from proceeding on his judgment at law for the damages he had recovered.
We think, therefore, that Handley ought only to have been injoined from the benefit of his judgments on the obligations of Chambers for the residue (after allowing the amount due on the 2500 acres^until the final determination of the suits between them in relation to Chambers’s demand against him for the Fountain Blue Tract; and that the court below, therefore, erred in making the injunction perpetual, and decreeing that Handley should pay g 80 to Chambers, until a disposition of that- suit, still depending, is finally made. The injunction should only have been perpetuated in the event of a rescisión of the contract. But if Chambers should be permitted either to have the benefit of his j udgment at law, or to recover the value of the land, or should be compelled to receive the deed for the same, the injunction ought then to he so far dissolved, and Handley permitted to take the benefit of his judgment at law for the just proportion of the purchase money.
Upon the other points growing out of the case we can perceive no ground of complaint on the pail of Handley.
The decree must be reversed, with costs in this court.